IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JULY 1999 SESSION

FILED

September 2, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| LUCIEN SHERROD | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9808-CR-00328 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Honorable Seth Norman, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

For the Appellant:

Gregory D. Smith
One Public Square, Suite 321
Clarksville, Tn 37040

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
            and
Lucian D. Geise
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243

Victor S. Johnson, III
District Attorney General
            and
Jon Seaborg
Assistant District Attorney General
Washington Square, Suite 500
222 2nd Avenue North
Nashville, TN 37201-1649

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The petitioner, Lucien Sherrod, appeals as of right from the Davidson County Criminal Court's order denying him post-conviction relief from his 1994 conviction for first degree murder and the resulting sentence of life in prison without the possibility of parole. The trial court granted the petitioner a delayed appeal of this court's affirmance of his conviction. See State v. Lucien Samuel Sherrod, 01C01-9505-CR-00157, Davidson County (Tenn. Crim. App. Jan. 30, 1997). The petitioner contends (1) that he received the ineffective assistance of counsel and (2) that we should vacate and reinstate this court's judgment in the direct appeal in order that he may seek review by the Tennessee Supreme Court. We affirm the trial court.

The petitioner was convicted for murdering his estranged wife, who had filed for divorce. She was found in her place of business with at least twenty-five stab and cut wounds. She had six stab wounds to the back of the body. One went through her spine into a lung while two went through her ribs into her lungs. Another wound penetrated her esophagus. The pathologist testified that the victim received most of the wounds while she was lying on the floor, and the wounds would have required considerable force.

The petitioner primarily contends that his trial attorney inadequately prepared for and presented evidence at the sentencing hearing.[1] At the evidentiary hearing, the petitioner complained about the lack of preparation for the sentencing hearing. He said the attorney did not talk to relatives, employers, or neighborhood

---

[1]The petitioner's brief indicates, without expressly stating, a concern about the petitioner's trial attorney's approach at the guilt stage, but it gives no particulars other than a comment that the decision not to pursue a self-defense strategy was a trial tactic. As the trial attorney testified at the evidentiary hearing, under the evidence in the case, "a self defense argument . . . was almost frivolous, just almost totally non-prevalent."

friends. He said he thought he had psychological problems, but his attorney only arranged a short visit for an evaluation.

The trial attorney testified that his primary aim was to try to negate any premeditation and deliberation evidence so as to reduce the offense to second degree murder. As for sentencing, the attorney stated that he was not aware of the petitioner having close family members. He said he recalled that the petitioner was on his own during that period of time. Also, he stated that he did not believe the case called for a mitigation expert, partly because he believed there was very little mitigation to pursue. The attorney admitted that he inadvertently missed the deadline for appealing this court's decision in the direct appeal to the Tennessee Supreme Court.

The trial court found that the defendant's trial attorney was not ineffective at the sentencing phase. The trial court also found that the trial attorney inadvertently failed to seek appellate review by our supreme court and ordered that the petitioner be granted a delayed T.R.A.P. 11 appeal. See Tenn. Code Ann. § 40-30-213. The petitioner did not file a T.R.A.P. 11 appeal but rather appealed the trial court's post-conviction determination to this court and requested that we affirm the trial court's grant of a delayed appeal.

Under the Sixth Amendment, when a claim of ineffective assistance of counsel is made, the burden is upon the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). The Strickland standard has been applied to the right to counsel under

3

Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n. 2 (Tenn. 1989).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974) and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982).

We also note that the approach to the issue of the ineffective assistance of counsel does not have to start with an analysis of an attorney's conduct. If prejudice is not shown, we need not seek to determine the validity of the allegations about deficient performance. Strickland, 466 U.S. at 697, 104 S. Ct. at 2069.

In a post-conviction case, the burden is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). On appeal, we are bound by the trial court's findings unless we conclude that the evidence preponderates against those findings. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). The petitioner has the burden of illustrating how the evidence preponderates against the judgment entered. Id.

4

First, we conclude that the petitioner has not shown that the evidence preponderates against the trial court's finding that he received the effective assistance of counsel. Although the petitioner claims that his attorney was ineffective for failing to present mitigation evidence at the sentencing hearing, the petitioner did not present such evidence at the evidentiary hearing. "When a petitioner contends that trial counsel failed to discover, interview, or present witnesses . . . these witnesses should be presented by the petitioner at the evidentiary hearing." Black, 794 S.W.2d at 757. Having failed to do so, the petitioner has not established prejudice. Id. at 758.

Next, the petitioner asks us to vacate and reinstate this court's judgment in the direct appeal in order to give him time to apply to the Tennessee Supreme Court for permission to appeal. The state acknowledges that the trial court appropriately granted the petitioner a delayed appeal, but it asserts that the issue is not properly before us. The state contends that the petitioner should have filed his application for permission to appeal within sixty days of the trial court's order granting a delayed appeal. Pursuant to Rule 28, § 9(D), Tenn. S. Ct., the petitioner had sixty days from the trial court's determination within which to seek supreme court review pursuant to Rule 11, T.R.A.P. That time has passed. However, we believe that we retain the jurisdiction through this post-conviction appeal to grant the delayed appeal pursuant to Rule 28, § 9(D), as well, under the trial court's findings of fact. Therefore, in the interest of justice, we grant the petitioner a delayed appeal in State v. Lucien Samuel Sherrod, No. 01C01-9505-CR-00157, Davidson County (Tenn. Crim. App. JAN. 30, 1997).

In consideration of the foregoing and the record as a whole, we affirm the trial court's denial of post-conviction relief and the grant of a delayed appeal to the Tennessee Supreme Court.

_____

Joseph M. Tipton, Judge

CONCUR:

_____

James Curwood Witt, Jr., Judge


_____

John Everett Williams, Judge

6